Hon. Stephen Chinlund Chairman State Comission of Correction
Your counsel has requested our opinion on whether an employee of your commission serving as Director of the Bureau of Local Correctional Facility Review may simultaneously serve as a consultant to the Albany County Sheriff. As a consultant, your employee would advise the sheriff on steps to be taken to bring the Albany County Jail into full compliance with State and national standards for the operation of county jails. The consultant would complete the assignment by writing a manual that the sheriff would distribute to correction officers and other jail personnel. The employee would be compensated for his work but would not engage in that work during normal business hours. We understand that the manual would be available to your commission to use as a model for other facilities in the State.
The commission, among other things, is charged with making recommendations to "administrators of correctional facilities for improving the administration of * * * correctional facilities and the delivery of services therein" (Correction Law, § 45[2]). For purposes of this charge and others, the commission has three review bureaus, the one that your employee heads, one for State correctional facilities, and one for facilities in the City of New York. (See "New York State Government Organization Charts," Division of the Budget, March 1980. Other operating units are a training bureau, a construction review bureau, and a health systems evaluation unit.) It appears to us that the proposed consulting work consists in part of making "recommendations" to the administrator of a specific correctional facility "for improving the administration of" that facility "and the delivery of services therein"; and in part, of providing the three review bureaus with an in-house manual of considerable value in carrying out the bureaus' review function.
We believe that it would be inappropriate for your bureau head to serve as a consultant to the Albany County Sheriff to perform the work outlined above. Section 74(3)(a) of the Public Officers Law states that no State employee "should accept other employment which will impair his independence of judgment in the exercise of his official duties." Since the employee is the head of the bureau that monitors and evaluates procedures in local facilities, including the Albany County Jail, he would be placed in the position of defending his recommendations because they were his, whereas he might be less inclined to defend recommendations made by a different consultant. Put another way, the bureau head would be engaged to advise somebody who would subsequently be reviewed by subordinates of the bureau head. This approaches, though not literally, violating the common law rule of incompatibility, which prohibits simultaneously holding two offices, one of which is subordinate to the other (People ex rel. Ryan v Green, 58 N.Y. 295 [1874]).
We note also that the Public Officers Law goes well beyond actual conflict of interest by warning against the appearance of a conflict. For a State bureau head to accept outside employment as a consultant to a local agency that is subject to review by the bureau might appear to the public as an attempt "to use his official position to secure unwarranted privileges * * * for himself" (§ 74[3][d]), or as a situation in which "he is likely to be engaged in acts that are in violation of his trust" (§ 74[3][h]).
We conclude that the head of a State bureau charged with monitoring and reviewing the operation of a local government agency may not act as a consultant to that agency in the area so subject to monitoring and review.